**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALTAGRACIA ROSARIO, | : | **Hon. Joseph E. Irenas** |
| Plaintiff, | : | Civil No. 09-0055 (JEI) (JS) |
| v. | : | |
| RAYMOND C. GEARY, QUINN & QUINN, | : | **OPINION** |
| Defendants. | : | |

**APPEARANCES**:

    ALTAGRACIA ROSARIO, #17431-050, Pro Se
    Ridge B-3 Federal Prison Camp
    P.O. Box A
    Alderson, West Virginia 24910

**IRENAS**, District Judge

    Plaintiff Altagracia Rosario, a prisoner at the Alderson Federal Prison Camp in West Virginia, seeks to file a Complaint without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. This Court will grant Plaintiff's application to proceed in forma pauperis.[1] As required by 28 U.S.C. § 1915(e)(2)(B), this Court has screened the Complaint for dismissal and, for the reasons expressed below, will dismiss the Complaint for failure to state a claim upon which relief may be granted.

---

[1] By Order entered January 12, 2009, this Court administratively terminated the proceeding because Plaintiff failed to either prepay the $350.00 filing fee or apply for in forma pauperis status, without prejudice to reopening the case. On January 30, 2009, Plaintiff submitted to the Clerk her affidavit of poverty and six month prison account statement, as required by 28 U.S.C. § 1915(a)(2). This Court will accordingly reopen the file.

## I. BACKGROUND

On May 30, 2006, the United States filed an indictment charging Altagracia Rosario, Ronald Henry, Nancy Elgende, Lizette Mahsel, Chris Nix and Jose Rios with one count of conspiracy to produce more than five identification documents, namely driver's licenses, without lawful authority, contrary to 18 U.S.C. § 1028(a)(1)(b)(1)(B) and (f).  See United States v. Rosario, Crim. No. 06-0414-JEI-1 (D. N.J. filed May 30, 2006). Defendant Raymond C. Geary represented Plaintiff in that proceeding as retained counsel from November 4, 2005, until September 20, 2006, when this Court entered an Order granting Plaintiff's right to proceed pro se and appointing Geary as standby counsel. On November 15, 2006, Geary filed a letter in lieu of a formal motion requesting permission to withdraw as standby counsel and for appointment of CJA counsel for Rosario. By Order entered December 1, 2006, this Court granted the motion, effective upon the appointment of a new attorney to act either as standby or regular counsel. On December 6, 2006, Michael N. Huff was appointed as CJA counsel to substitute for retained standby counsel. On May 29, 2007, a jury found Rosario guilty of one count of conspiracy to produce more than five driver's licenses, without lawful authority, in and affecting interstate or foreign commerce, in violation of 18 U.S.C. § 1028(f). On April 25, 2008, this Court sentenced her to a 75-month term of imprisonment and three years of supervised release. The conviction and sentence are presently on appeal before the United States Court of Appeals for the Third Circuit.  See United States v. Rosario, C.A. No. 07-2765 (3d Cir. docketed June 15, 2007).

On January 5, 2009, Altagracia Rosario submitted to the Clerk the Complaint which is presently before this Court. Plaintiff sues Raymond Geary and his firm Quinn & Quinn for violation of her Sixth Amendment right to the effective assistance of counsel, as well as claims

arising under state law. Plaintiff asserts that on or about October 5, 2005, she paid Defendant Geary the sum of $28,000.00 to represent her in the aforesaid criminal proceeding. Plaintiff alleges that Geary failed to disclose that his license to practice law was suspended. She asserts that Geary provided legal assistance from October 5, 2005, to November 30, 2006, and that the "little assistance Raymond Geary did provide for the defendant [was] ineffective, unreliable, and impermiss[i]ble." (Compl.) (Docket entry #1, p. 2.) Plaintiff seeks $382,500 as compensatory damages, $63,000 as punitive damages, and $319,500 for false imprisonment.

## II. LEGAL STANDARD

The Court is required, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The Court must sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). The standard for failure to state a claim, in view of Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), is as follows:

> Thus, under our reading, the notice pleading standard of Rule 8(a)(2) remains intact, and courts may generally state and apply the Rule 12(b)(6) standard, attentive to context and a[] showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. It remains an acceptable statement of the standard, for example, that courts "accept all factual allegations as true, construe the

3

> complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinker, 292 F. 3d at 374 n.7. See also Twombly, 127 S. Ct. at 1969 n.8 (citing as consistent with its rejection of the "no set of facts" language the statement that "if, in view of what is alleged, it can reasonably be conceived that the plaintiffs . . . could, upon a trial , establish a case which would entitle them to . . . relief, the motion to dismiss should not have been granted") (citation omitted).
>
>   *     *     *
>
>  The issues raised by Twombly are not easily resolved, and likely will be a source of controversy for years to come. Therefore, we decline at this point to read Twombly so narrowly as to limit its holding on plausibility to the antitrust context. Reading Twombly to impose a "plausibility" requirement outside the § 1 context, however, leaves us with the question of what it might mean. "Plausibility" is related to the requirement of a Rule 8 "showing." In its general discussion, the Supreme Court explained that the concept of a "showing" requires only notice of a claim and its grounds, and distinguished such a showing from "a pleader's bare averment that he wants relief and is entitled to it." Twombly, 127 S. Ct. at 1965 n.3. While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "it strikes a savvy judge that actual proof of those facts is improbable," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.
>
> The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading state, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.

Phillips v. County of Allegheny, 515 F. 3d 224, 233, 234-35 (3d Cir. 2008) (citation and internal quotation marks omitted).

The sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Twombly. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). A pro se prisoner plaintiff needs to allege only enough factual matter (taken as true) to suggest the required elements of the claim asserted; the Court need not, however, credit a pro se plaintiff's "legal conclusions." Morse v. Lower Merion School Dist., 132 F. 3d 902, 906 (3d Cir. 1997).

### III. DISCUSSION

Federal courts are courts of limited jurisdiction. See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights."[2] Correctional Services Corp. v. Malesko, 534 U.S. 61, 66 (2001). To state a claim for damages under Bivens, 403 U.S. 388 (1971), a plaintiff must show that federal officers violated her constitutional rights. Malesko, 534 U.S. at 66.

---

[2] The Supreme Court found an implied damages remedy available under the Fourth Amendment. Bivens, 403 U.S. at 397. The Supreme Court has recognized an implied damages remedy under the Due Process clause of the Fifth Amendment, Davis v. Passman, 442 U.S. 228 (1979), and the Cruel and Unusual Punishment clause of the Eighth Amendment, Carlson v. Green, 446 U.S. 14 (1980).

5

Here, Plaintiff sues Raymond Geary, one of the attorneys who represented her in a federal criminal proceeding, and his law firm, for providing ineffective assistance of counsel. But Plaintiff's <u>Bivens</u> claim fails as a matter of law because neither Geary nor his law firm were federal officers or were acting under color of federal law in providing legal assistance to Plaintiff. In <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981), the Supreme Court held that a public defender, although paid and ultimately supervised by the state, does not act under color of state law under 42 U.S.C. § 1983 (the statutory counterpart to a <u>Bivens</u> claim) when performing the traditional functions of counsel to a criminal defendant in a state proceeding.[3] Because the acts and omissions complained of in regard to Geary and his firm concern the traditional functions of a criminal defense and standby attorney, defendants were not acting under color of federal law and the Complaint fails to state a <u>Bivens</u> claim against them. See <u>Richards v. Flynn</u>, 263 Fed. Appx. 496 (7th Cir. 2008) (affirming <u>sua sponte</u> dismissal of <u>Bivens</u> action for legal malpractice brought against assistant federal defender because criminal defense attorney does not act under color of law); <u>Cox v. Hellerstein</u>, 685 F. 2d 1098 (9th Cir. 1982) (affirming dismissal of <u>Bivens</u> action against assistant federal defender for providing ineffective assistance because "[i]f a public defender does not act under color of state law in representing an indigent defendant in a state

---

[3] See also <u>Briscoe v. LaHue</u>, 460 U.S. 325, 330 n.6 (1983) ("even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner . . . , the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983"); <u>Angelico v. Lehigh Valley Hospital, Inc.</u>, 184 F.3d 268, 277 (3d Cir. 1999) (private attorneys were not acting under color of state law when they issued subpoenas); <u>Black v. Bayer</u>, 672 F.2d 309 (3d Cir. 1982) (private attorney representing criminal defendant in state criminal proceeding under court appointment is not acting under color of state law), <u>overruling on other grounds recognized in</u> <u>D.R. by L.R. v. Middle Bucks Area Vocational Technical School</u>, 972 F. 2d 1364, 1368 n. 7 (3d Cir. 1992).

criminal proceeding, it follows that a public defender does not act under color of federal law in performing the identical functions as a lawyer to an indigent defendant in a federal criminal proceeding"). This Court will therefore dismiss the Complaint for failure to state a claim upon which relief may be granted.[4]

### IV. CONCLUSION

The Court reopens the case, grants Plaintiff's application to proceed in forma pauperis, and dismisses the Complaint for failure to state a claim upon which relief may be granted.

_____
JOSEPH E. IRENAS
Senior United States District Judge

Dated: __March 30__, 2009

---

[4] Alternatively, Plaintiff's claim for damages for allegedly wrongful incarceration caused by ineffective assistance of counsel is barred by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Court held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87; see also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005); Muhammad v. Close, 540 U.S. 749, 751 (2004); Edwards v. Balisok, 520 U.S. 641, 645-47 (1997). Because Plaintiff's allegations in the instant Complaint do not indicate that her conviction has been overturned or invalidated, or called into question by the issuance of a writ of habeas corpus, Plaintiff's damage claims, which necessarily imply the invalidity of her conviction, are not cognizable under Bivens at this time.